UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 2:98 CR 103 |
| ) | |
| JESSE COLON   ) | |

## OPINION and ORDER

This matter is before the court on the motions of defendant Jesse Colon for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE ## 596, 604.) For the reasons that follow, the motions are denied.

I.  BACKGROUND

In 1999, a jury convicted defendant of eight counts. Counts 1 - 5 involved drug charges and, of those, counts 1, 3, and 5 related to crack cocaine. Counts 1 and 3 carried a statutory penalty of 10 years - life; Counts 2 and 4 carried a statutory penalty of up to 20 years; Count 5 carried a penalty of 5 - 40 years. Count 8, a witness tampering charge, carried a maximum penalty of 10 years. Counts 6 and 7, firearms offenses, required mandatory consecutive terms of 5 and 20 years, for a 25 year consecutive term as to both counts.

At sentencing, the court concluded that defendant was responsible for 44.7 grams of heroin and 1.5 kilograms of crack. (DE # 235.) The court sentenced defendant to life plus 25 years, which effectively consisted of a life sentence on the drug and witness

tampering counts, plus 25 years, to be served consecutively, on the firearm counts. (DE # 317.)

Amendments to the Sentencing Guidelines resulted in several reductions in defendant's sentence; presently, defendant's post-Amendments term of imprisonment on his drug offenses, including the crack offenses, is 235 months. (DE # 580.) (The consecutive 25-year term of imprisonment has remained unchanged, resulting in a total sentence of 235 months plus 25 years.) The 235-month term was selected from the lowest end of the then-applicable Guidelines range of 235 - 293 months. (DE # 577.)

Defendant moved *pro se* for a reduction of his sentence pursuant to the First Step Act of 2018. (DE # 596.) The court appointed counsel, who filed an additional motion on defendant's behalf. (DE # 604.) The motion is fully briefed and ripe for ruling.

## II.    DISCUSSION

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020).

At the outset, the Government argues that, though defendant was charged with and found guilty of some charges involving 50 grams of crack, the court should, for purposes of First Step Act resentencing, consider defendant responsible for the higher

amount of crack the court found attributable to defendant at the sentencing phase. Under the Government's theory, the court should find defendant ineligible for relief under the First Step Act because the higher crack quantity would place defendant squarely in the same position in terms of post-Fair Sentencing Act statutory maximums and minimums. The Government further argues: "Had the government known about the Fair Sentencing Act at the time of the Indictment, it would have alleged Count 1 involved more than 280 grams of crack cocaine." (DE # 608 at 5.) However, the Government's argument has been rejected by the Seventh Circuit Court of Appeals. *Shaw,* 957 F.3d at 739 (holding that "the statute of conviction alone determines eligibility for First Step Act relief," not the quantities of crack involved).

The question, for purposes of determining eligibility under the First Step Act, is whether "defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act." *Id.* at 735. In this case, the Fair Sentencing Act shifts the statutory penalties applicable to Counts 1 and 3 from 10 years - life, to 5 - 40 years. For Count 5, the statutory penalties shift from 5 - 40 years, to 0 - 20 years. Thus, because, "defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act, he . . . is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.*

Another preliminary matter that requires discussion is defendant's argument that the court should essentially conduct a plenary resentencing. Specifically, defendant requests that the court consider the impact of *Rosemond v. United States,* 134 S.Ct. 1240,

3

1243 (2014), on his sentence. In *Rosemond*, the Supreme Court decided that jury instructions must require proof that a defendant knew in advance that one of his cohorts would be armed. *Id.* This was also the subject of defendant's petition under 28 U.S.C. § 2255, which the court denied as untimely. (DE ## 585, 590.) This issue is not related to crack sentencing disparities, which is the focus of the Fair Sentencing Act. The Seventh Circuit Court of Appeals has not ruled on whether matters outside of the scope of the Fair Sentencing Act's main focus may be considered during a First Step Act resentencing. The court's sister districts have largely determined that defendants are not entitled to plenary resentencing during First Step Act proceedings. *See, e.g., United States v. Coleman,* 382 F. Supp. 3d 851, 857 (E.D. Wis. 2019) (collecting cases). This court follows suit, declining to address matters unrelated to the First Step Act at this time.

The court now considers whether a reduction in defendant's sentence for Counts 1, 3, and 5 (the offenses related to crack) is appropriate. As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the § 3553(a) factors explained at sentencing remains valid. The court has considered defendant's argument that he has behaved admirably while incarcerated, including significantly furthering his education. However, the court notes that defendant engaged in a serious drug crime and used a firearm in the process. The

4

court is also mindful of the need to deter both defendant and future offenders from similar criminal behavior.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. Even with the application of the Fair Sentencing Act to defendant's case, the low end of the applicable Guidelines range for defendant's crack charges is 235 months. This is the same sentence the court found appropriate following Amendments to the Sentencing Guidelines. In other words, defendant's sentence on his crack charges is already at the lowest it can be within the Guidelines range. Although the court acknowledges it has the discretion to go even lower than the Guidelines minimum, it declines to do so for the reasons articulated above.

A 235-month term of imprisonment on the crack charges is also appropriate in light of effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. As explained above, under the Fair Sentencing Act, the statutory penalties for Counts 1 and 3 would be 5 - 40 years, and for Count 5, the statutory penalty would be 0 - 20 years. A 235-month sentence is within the bounds of these post-Fair Sentencing Act statutory minimums and maximums.

### III. CONCLUSION

For the foregoing reasons, the court denies defendant's motions for resentencing under the First Step Act. (DE ## 596, 604.)

**SO ORDERED.**

Date: July 20, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT