UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:98 CR 103 |
| ) | |
| JESSE COLON ) | |

### OPINION and ORDER

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 627.) For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

In 2000, defendant Jesse Colon was convicted of conspiring to distribute and distributing crack cocaine and heroin, maintaining a drug-dealing premises, witness intimidation, and using firearms unlawfully. *United States v. Colon*, 841 F. App'x 1006, 1007 (7th Cir. 2021). This court imposed the guidelines sentence of life imprisonment and "stacked" defendant's firearms convictions, so that he received an additional 25 years on top of the life sentence. *See* 18 U.S.C. § 924(c)(1)(C)(i), (c)(1)(D)(ii) (1998). Due to retroactive changes to the sentencing guidelines, the court later reduced defendant's term of imprisonment to 235 months, plus 25 years. (DE # 580.)

Defendant is currently incarcerated at FCI Texarkana, with a projected release date of September 22, 2036. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 24, 2023).

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Because, as explained below, defendant has failed to establish any extraordinary and compelling reason for compassionate release, the court need not analyze any other elements, and the motion must be denied. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021).

The court is only authorized to grant defendant's request if there exist "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where,

2

for example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

Defendant is 52 years old. He states that he is technically obese under the CDC guidelines (DE # 627 at 3), and that this condition constitutes a comorbidity that places him at greater risk for contracting and suffering complications from COVID-19. (*Id.*) However, the BOP offers COVID vaccines to all federal prisoners to help mitigate this risk. *Ugbah,* 4 F.4th at 597. Further, defendant's institution, FCI Texarkana, has zero current cases of COVID in a population of over 1,200 inmates, and zero COVID-related deaths have occurred there. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (last visited Oct. 24, 2023). Though COVID is a health concern for individuals like defendant suffering from comorbidities, the

3

relatively low risk of COVID infection and the availability of vaccines lead this court to conclude that extraordinary and compelling reasons do not exist for compassionate release.

Defendant also argues that he should qualify for compassionate release because he needs to provide care for his 74-year-old mother who is on dialysis, has one kidney, is diabetic, and is wheelchair-bound. However, this court joins a number of other district courts who are not persuaded that caring for an elderly or ill parent constitutes a extraordinary and compelling reason warranting compassionate release. As another district court articulated: "While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release." *United States v. Goldberg*, No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Finally, defendant argues that a legislative change made to the "stacking" rules applicable to Section 924(c) convictions is a basis for compassionate release in this case. However, in *United States v. Thacker,* the Seventh Circuit observed that changes to the "stacking" rules were not made retroactively applicable. 4 F.4th 569, 573 (7th Cir. 2021). The court further held that a non-retroactive change to a sentencing scheme is not an extraordinary and compelling reason justifying compassionate release under § 3582(c)(1)(A). *Id.; United States v. Williams,* 65 F.4th 343, 347 (7th Cir. 2023).

4

Accordingly, the court rejects defendant's argument that a change to Section 924(c)'s "stacking" rules– or any other non-retroactive change in the law – constitutes an extraordinary and compelling reason justifying compassionate release.

## III.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release (DE # 627).

**SO ORDERED.**

Date: October 24, 2023

                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT